McGREGOR W. SCOTT
United States Attorney
ROBIN R. TAYLOR
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2722



MAY 22 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. No. S- 2:08-CR-236 MCE |
| Plaintiff, | ) VIOLATIONS: 18 U.S.C. § 1030(a)(4) - Fraud and Related Activity in Connection with Computers (4 Counts); 18 U.S.C. § 1343 - Wire Fraud (4 Counts); 18 U.S.C. § 1341 - Mail Fraud (4 Counts); 18 U.S.C. §§ 982(a)(2)(B) and 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture |
| v. | ) |
| MICHAEL LARGENT, | ) |
| Defendant. | ) |

I N D I C T M E N T

COUNTS ONE THROUGH FOUR: [18 U.S.C. § 1030(a)(4) - Fraud and Related Activity in Connection with Computers]

The Grand Jury charges:

MICHAEL LARGENT,

defendant herein, as follows:

A. INTRODUCTION

At all times material herein:

1. E*Trade and Charles Schwab ("Schwab") were financial institutions that offered services, including, investing,

trading, cash management, banking, and lending.

2. Automated Clearing House ("ACH") was an electronic network which processed financial transactions in the United States. Many financial institutions used "ACH" to allow customers to transfer money from one account to another.

3. "Micro-deposits" were deposits made by a financial institution, usually when an account was opened, to test the functionality of an account and to verify ACH processing. The amount deposited ranged from approximately $0.01 to $2.00.

4. E*Trade and Schwab had "protected computers." These protected computers were connected to the Internet and used in interstate and foreign commerce and communication. These protected computers could be accessed by third parties to create, among other things, on-line brokerage and bank accounts. E*Trade and Schwab customers were not authorized to open accounts in the names of third-parties, or to provide false and fraudulent information, when opening accounts.

B. <u>THE COMPUTER FRAUD</u>

5. Beginning in or about November 2007, and continuing through in or about May 2008, in the State and Eastern District of California, and elsewhere, defendant MICHAEL LARGENT, (hereinafter "LARGENT"), knowingly and with the intent to defraud, accessed protected computers of E*Trade, Schwab, and others, without authorization, and in excess of his authorized access, specifically: defendant LARGENT used his computer to open more than 58,000 on-line brokerage accounts and bank accounts using false and fictitious names, addresses, driver's licences numbers, and social security numbers with the intent of stealing

micro-deposits, without the authorization of, and payment to, E*Trade, Schwab, and others, and by means of such conduct furthered the intended fraud and obtained things of value other than the use of the computers, namely, micro-deposits valued at more than $50,000.

C. WAYS AND MEANS

In furtherance of the fraud, defendant LARGENT employed, among others, the following ways and means:

6. Defendant LARGENT established Internet service with AT&T, which he used to facilitate the opening of fraudulent accounts at E*Trade, Schwab, and elsewhere.

7. Defendant LARGENT wrote a computer script which he used to fraudulently open more than 58,000 on-line brokerage accounts at E*Trade, Schwab, and elsewhere.

8. To conceal his identity, defendant LARGENT used false and fictitious names, such as "Speed Apex," "Rusty Shackelford," "Johnny Blaze," and "Hank Hill," known cartoon and comic book characters, to open the accounts, and used false and fictitious addresses, driver's license numbers, and social security numbers.

9. Defendant LARGENT opened on-line bank accounts at E*Trade, Capital One, Metabank, Green Dot, Skylight, and elsewhere, which he linked to the fraudulently created brokerage accounts with the intent of obtaining and stealing micro-deposits.

10. Defendant LARGENT caused the micro-deposits to be transferred into bank accounts controlled by him and placed onto pre-paid debit cards, for his own personal use, and without payment to E*Trade, Schwab, and others, causing and attempting to

cause losses of more than $50,000.

D. ACCESS IN EXCESS OF AUTHORITY

11. On or about the dates set forth below, in the State and Eastern District of California, and elsewhere, defendant LARGENT knowingly, and with the intent to defraud, accessed protected computers of E*Trade, Schwab, and others, without authorization, and in excess of his authorized access, to steal micro-deposits, as follows:

| Ct | Date Account Opened | Fraudulent Account Number | Customer Name Used by Largent | Where Account Opened |
|---|---|---|---|---|
| 1 | 2/27/08 | xx78-9595 | Speed Apex | Charles Schwab |
| 2 | 3/15/08 | xx136699 | Rusty Shackelford | E*Trade |
| 3 | 3/17/08 | xx137174 | Rusty Shackelford | E*Trade |
| 4 | 4/10/08 | xx63-3826 | Rusty Shackelford | Charles Schwab |

All in violation of Title 18, United States Code, Sections 1030(a)(4) and 2.

COUNTS FIVE THROUGH EIGHT: [18 U.S.C. § 1343 - Wire Fraud]

The Grand Jury further charges:

MICHAEL LARGENT,

defendant herein, as follows:

A. INTRODUCTION

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 4 of Counts One through Four of this Indictment.

///

B. THE SCHEME TO DEFRAUD

2. Beginning in or about November 2007, and continuing through in or about May 2008, in the State and Eastern District of California, and elsewhere, defendant LARGENT did knowingly and intentionally devise and attempt to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and in connection therewith caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, and sounds, thereby causing, and attempting to cause, losses to E*Trade, Schwab, and others of more than $50,000.

C. MANNER AND MEANS

3. The Grand Jury realleges and incorporates herein by reference paragraphs 6 through 10 of Counts One through Four of this Indictment.

D. INTERSTATE WIRE TRANSMISSIONS

4. On or about the dates listed below, in the State and Eastern District of California and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud set forth above, defendant LARGENT, did knowingly transmit, and cause to be transmitted by means of wire communication, in interstate commerce, any writings, signs, signals and sounds, namely Internet communications, as specified below:

| Ct | Date | Point of Origin | Name Used | Point of Receipt |
|---|---|---|---|---|
| 5 | 2/27/08 | Michael Largent Plumas Lake, CA | Speed Apex | Charles Schwab Chandler, AZ |

| | | | | |
|---|---|---|---|---|
| 6 | 3/15/08 | Michael Largent Plumas Lake, CA | Rusty Shackelford | E*Trade Alpharetta, GA |
| 7 | 3/17/08 | Michael Largent Plumas Lake, CA | Rusty Shackelford | E*Trade Alpharetta, GA |
| 8 | 4/10/08 | Michael Largent Plumas Lake, CA | Rusty Shackelford | Charles Schwab Chandler, AZ |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNTS NINE THROUGH TWELVE: [18 U.S.C. § 1341 - Mail Fraud]

The Grand Jury further charges:

MICHAEL LARGENT,

defendant herein, as follows:

A. INTRODUCTION

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 4 of Counts One through Four of this Indictment.

B. THE SCHEME TO DEFRAUD

2. Beginning in or about November 2007, and continuing through in or about May 2008, in the State and Eastern District of California, and elsewhere, defendant LARGENT, did knowingly and intentionally devise and attempt to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and in connection therewith caused the United States mail and other private and commercial interstate carriers to be used, causing losses, and attempting to cause losses, to E*Trade and Schwab of more than $50,000.

///

///

C. MANNER AND MEANS

3. The Grand Jury realleges and incorporates herein by reference paragraphs 6 through 10 of Counts One through Four of this Indictment.

D. MAILINGS

4. On or about the dates listed below, in the State and Eastern District of California and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud set forth above, defendant LARGENT caused mail to be delivered by the United States mail, and any private and commercial interstate carriers, according to the directions thereon, as follows:

| Ct | Date | Item | Mailed to | Mailed By |
|---|---|---|---|---|
| 9 | 1/23/08 | Welcome letter and deposits slips | Michael Largent Plumas Lake, CA | Capital One Bank Houston, TX |
| 10 | 3/22/08 | Debit card | Michael Largent Plumas Lake, CA | E*Trade Chantilly, VA |
| 11 | 4/2/08 | Account opening letter | Michael Largent Plumas Lake, CA | Charles Schwab Coppell, TX |
| 12 | 4/4/08 | Welcome packets for four savings accounts | Michael Largent Plumas Lake, CA | USAA Bank Indianapolis, IN |

All in violation of Title 18, United States Code, Sections 1341 and 2.

///

///

///

///

FORFEITURE ALLEGATION: [18 U.S.C. §§ 982(a)(2)(B) and 981(a)(1)(C) and 28 U.S.C. § 2461(c)-Criminal Forfeiture]

The Grand Jury further charges:

MICHAEL LARGENT,

defendant herein, as follows:

1. Pursuant to Title 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a defendant who is convicted of one or more of the offenses set forth in Counts 1 through 12 shall forfeit to the United States the following property:

a. All right, title, and interest in any and all property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of 1030, including the following: 1) all money or other property that was the subject of each transaction, transmission, or transfer in violation of § 1030; and 2) all commissions, fees and other property constituting proceeds obtained as a result of that violation;

b. All right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violations of Title 18 U.S.C. §§ 1341 and 1343, offenses constituting specified unlawful activity (as defined in 18 U.S.C. § 1956(c)(7)), and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transmission, or transfer in violation of §§ 1341 and 1343; and 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and

c. A sum of money equal to the total amount of money involved in each offense for which the defendant is convicted.

2. Pursuant to Title 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), as incorporated by Title 21 U.S.C. § 853(p), the defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

McGREGOR W. SCOTT
United States Attorney

No. 2:08-CR-236 MCE

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

*vs.*

MICHAEL LARGENT

INDICTMENT

**VIOLATIONS:** 18 U.S.C. § 1030(a)(4) - Fraud and Related Activity in Connection with Computers (4 Counts); 18 U.S.C. § 1343 - Wire Fraud (4 Counts); 18 U.S.C. § 1341 - Mail Fraud (4 Counts); 18 U.S.C. §§ 982(a)(2)(B) and 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

*A true bill,*

/S/

*Foreman.*

*Filed in open court this* ______________ *day*

*of* ______________, *A.D. 20* ______

______________________________

*Clerk.*

*Bail, $* NO PROCESS NECESSARY

GREGORY G. HOLLOWS

GPO 863 525

PENALTY SLIP
MICHAEL LARGENT

COUNTS 1-4:

Violation: 18 U.S.C. § 1030(a)(4) - Fraud and Related Activity in Connection with Computers

Penalty: 5 Years Imprisonment,
$250,000 Fine, or both;
3 Years TSR

COUNTS 4-8:

Violation: 18 U.S.C. § 1343 - Wire Fraud

Penalty: 20 Years Imprisonment,
$250,000 Fine or both;
3 Years TSR

COUNT 9:

Violation: 18 U.S.C. § 1341 - Mail Fraud

Penalty: 20 Years Imprisonment,
$250,000 Fine, or both;
3 Years TSR

FORFEITURE
ALLEGATIONS: 18 U.S.C. § 982(a)(2)(B) 981(a)((1)(C) and 28 U.S.C. § 2461(C)

Penalty: As stated in the Indictment