LAWRENCE G. BROWN
United States Attorney
MATTHEW D. SEGAL
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2708

FILED

MAY 21 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. No. 08-236 MCE |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| MICHAEL IAN GO LARGENT, | DATE: May 21, 2009 |
| | TIME: 9:00 a.m. |
| | COURT: Hon. Morrison C. |
| Defendant. | England, Jr. |

I.

INTRODUCTION

**A. Scope of Agreement:** The Indictment in this case ("the Eastern District Case") charges the defendant with Fraud and Related Activity in Connection with Computers, in violation 18 U.S.C. § 1030(a)(4)(4 Counts); Wire Fraud, in violation of 18 U.S.C. § 1343 (4 Counts); Mail Fraud, in violation of 18 U.S.C. § 1341 (4 Counts); and Criminal Forfeiture. The defendant is also charged with and Information filed in the United States District Court, Northern District of California alleging one count of Wire Fraud, in violation of 18 U.S.C. § 1343 ("the Northern District Case"). The Northern District Case has been transferred to the Eastern District

1

of California for disposition pursuant to Federal Rule of Criminal Procedure 20.

This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B. Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** In the Eastern District Case, the defendant will plead guilty to counts one and two alleging Fraud and Related Activity in Connection with Computers, in violation 18 U.S.C. § 1030(a)(4). In the Northern District Case, the defendant also

agrees to waive Indictment and plead guilty to the Information filed in the United States District Court, Northern District of California alleging Wire Fraud, in violation of 18 U.S.C. § 1343. The defendant agrees that he is in fact guilty of these charges, and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

   B. **Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. The defendant agrees to pay restitution as ordered by the Court. By signing this Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is <u>not</u> restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty.

   C. **Fine:** The defendant reserves the right to argue inability to pay, but agrees to whatever criminal fine the Court might order. The defendant understands that this Plea Agreement is voidable by the government if he fails to pay any court-ordered fine.

   D. **Special Assessment:** The defendant agrees to pay a special assessment of $300 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E. Agreement to Cooperate**: The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this Plea Agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

If the defendant commits any crimes or if any of the defendant's statements or testimony prove to be knowingly false, misleading, or materially incomplete, or if the defendant otherwise violates this Plea Agreement in any way, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. The determination whether the defendant has violated the Plea Agreement will be under a probable cause standard. If the defendant violates the Plea Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury,

4

false statements, and obstruction of justice. Because disclosures pursuant to this Plea Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. Moreover, any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this Plea Agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of any such prosecutions. The defendant agrees to waive all defenses based on the statute of limitations or delay of prosecution with respect to any prosecutions that are not time-barred as of the date of this Plea Agreement.

If it is determined that the defendant has violated any provision of this Plea Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Plea Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Plea Agreement, or any leads derived therefrom, should be suppressed. By signing this Plea Agreement, the defendant waives any and all rights in the foregoing respects.

# III.

## THE GOVERNMENT'S OBLIGATIONS

**A. Dismissals:** The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment. The government also agrees not to reinstate any dismissed count except as provided in Parts II.E and VII.B of this Plea Agreement.

**B. Recommendations:**

    **1. Incarceration Range:** The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offenses (including the application of the mandatory statutory minimum term) as determined by the United States Probation Office.

    **2. Acceptance of Responsibility:** If the United States Probation Office determines that a three-level reduction in defendant's offense level for his full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under §3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

    **3. Reduction of Sentence for Cooperation:** The government agrees to recommend at the time of sentencing that the defendant's

6

sentence of imprisonment be reduced by up to 10% of the applicable guideline sentence if he provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. The defendant understands that he must comply with paragraph II(E) of this Plea Agreement. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance. The defendant understands that the government may recommend a reduction in his sentence of less than 50% or no reduction at all, depending upon the level of assistance the government determines that the defendant has provided. The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this Plea Agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion, and that this Plea Agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion. In particular, the defendant agrees not to try to file a motion to withdraw his plea based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

If the government determines that the defendant has provided further cooperation within one year following his sentencing, the government may move for a further reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

**C. Limitation on Use of Information For Sentencing:** Other than as set forth above, the government agrees that any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable guideline

range, pursuant to U.S.S.G. § 1B1.8.

## IV.

### ELEMENTS OF THE OFFENSES

**A. Elements of the Offenses:** At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty:

With respect to the crime of Fraud and Related Activity in Connection with Computers, in violation 18 U.S.C. § 1030(a)(4), the government must prove that: (1) the defendant accessed a protected computer without authorization, and in excess of his [MS] authorized access, (2) the defendant acted knowingly and with the intent to defraud; and (3) by means of such conduct the defendant furthered an intended fraud and obtained, and attempted to obtain, things of value, other than the use of the computer, valued at more than $5,000 in any one-year period.

With respect to the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, the government must prove that: (1) the defendant made up a scheme or plan for obtaining money or property by making false promises or statements, with the jury agreeing on at least one particular false promise or statement that was made; (2) the defendant knew that the promises or statements were false; (3) the promises or statements were material, that is they would reasonably influence a person to part with money or property; (4) the defendant acted with intent to defraud; and that (5) the defendant used, or caused to be used, the interstate wires to carry out, or attempt to carry out, an essential part of the scheme.

## V.

## MAXIMUM SENTENCE

A. **Maximum Penalty:** The maximum sentence which the Court can impose for a violation of 18 U.S.C. § 1030(a)(4) - Fraud and Related Activity in Connection with Computers is five years incarceration, a three-year period of supervised release, a fine of $250,000, and a special assessment of $100.

The maximum sentence which the Court can impose for a violation of 18 U.S.C. § 1343 - Wire Fraud, is twenty years incarceration, a three-year period of supervised release, a fine of $250,000, and a special assessment of $100.

By signing this Plea Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is <u>not</u> restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

B. **Violations of Supervised Release:** The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years of imprisonment for each count.

## VI.

## SENTENCING DETERMINATION

A. **Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated

9

by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220 (VI), 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence.

The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.

The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B. Stipulations Affecting Guidelines Calculation**: The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

(1) **Base Offense Level**: The parties agree that the applicable guideline section for establishing the base offense level is U.S.S.G. §2B1.1 and that the base offense level is 7.

(2) **Loss**: The defendant shall receive an 10-level enhancement because the loss is between $120,000 and $200,000. U.S.S.G. § 2B1.1(b)(1)(F).

(3) **Acceptance of Responsibility**: As set forth in Section III.2 above, the Government agrees to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing. The Government further agrees to recommend an additional one-level reduction in the applicable sentencing guideline offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(b)(2), provided that (1) defendant's adjusted offense level is determined by the court to be level 16 or greater, and (2) defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing.

(4) **Other Agreements**: The parties agree that the following enhancements do not apply: a 2-level enhancement under U.S.S.G. § 2B1.1(b)(14)(A)(II) for a conviction under 18 U.S.C. § 1030 which involved an intent to obtain personal information.

**C.    Total Offense Level**: The parties agree that the defendant's total offense level is 17, without acceptance of responsibility.

**E.    Departures**: Neither the Government nor the defendant shall move for a departure or variance from the otherwise applicable sentencing guideline range, accept that the government may move to reduced the defendant's sentence pursuant to U.S.S.G. §5K, as set forth herein.

## VII.

## WAIVERS

**A.  Waiver of Constitutional Rights**: The defendant understands that by pleading guilty he is waiving the following constitutional

11

rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court consistent with the stipulations set forth above about the Sentencing Guidelines variables (that is, an adjusted offense level of 17 or below). He specifically gives up his right to appeal any order of restitution the Court may impose.

Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

Notwithstanding the agreement in part III.A above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant

12

to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

C. **Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

D. **Waiver of DNA Testing**

Defendant has been advised that the government has in its possession the items of physical evidence that could be subjected to DNA testing. The defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that, before entering guilty plea pursuant to this Plea Agreement, he could request DNA testing of evidence in this case. The defendant further understands that, with respect to the offenses to which he is pleading guilty pursuant to this Plea Agreement, he would have the right to request DNA testing of evidence after

13

conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding his right to request DNA testing, the defendant knowingly and voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. The defendant understands and acknowledges that by giving up this right, he is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. The defendant further understands and acknowledges that by giving up this right, he will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offenses to which he is pleading guilty.

## VIII.
### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.
### APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur

14

in my client's decision to plead guilty as set forth in this Plea Agreement.

DATED: 5/21/09

Justin Mixon, Esq.
Attorney for Defendant

B. **Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 5-21-09

Michael Ian Go Largent, Defendant

C. **Attorney for United States:** I accept and agree to this Plea Agreement on behalf of the government.

DATED: May 21, 2009

LAWRENCE G. BROWN
Acting United States Attorney

By: 
MATTHEW D. SEGAL
Assistant U.S. Attorney

# EXHIBIT "A"

## Factual Basis for Plea

Beginning in approximately November 2007, through on or about May 7, 2008, defendant accessed protected computers of E*trade and Charles Schwab ("Schwab") with the intent of fraudulently opening more than 58,000 on-line brokerage accounts, without authorization, and in excess of his authorized access. Defendant Largent further defrauded Google, Inc., by opening accounts through "Google Checkout," an online payment processing service, offered by Google.

The defendant opened these various accounts with the intent of stealing the "micro deposits." Micro-deposits are deposits of approximately $0.01 and $1.00, which are deposited into a bank account to test the functionality of the account and to verify the Automated Clearing House ("ACH") process. The ACH process is an electronic network that processes financial transactions in the United States. Companies such as E*Trade, Schwab, Google use "ACH" to allow customers to transfer money into and out of financial accounts.

Largent opened these fraudulent accounts using a computer script of his own creation. As part of the fraud, he entered, and caused to be entered, false and fictitious names, addresses, driver's license numbers, and social security numbers to open the accounts. Largent opened accounts in names such as "Speed Apex," "Rusty Shackelford," "Johnny Blaze," and "Hank Hill." Some of these are names of television cartoon and comic book characters.

Largent opened these accounts knowing that as part of the account verification process that the micro-deposits would be transferred electronically, via the ACH system, into bank accounts controlled by him. Accordingly, when these deposit occurred, Largent would immediately cause the funds to be transferred into other accounts controlled by him, or transferred onto debit cards, without the authorization or knowledge of E*Trade, Schwab, and Google. The funds were then used for personal expenses. As a result of the fraud, Largent fraudulently ~~obtained more than~~ Caused more than $120,000 ~~in loss~~.

As part of the scheme, made wire transfers to banks outside of California, including the wire alleged in the Information. These banks include JP Morgan Chase bank in New York; GE Money bank in Texas; Bank First in South Dakota; Metabank in South Dakota; Capital One bank in Virginia; Citizens Bank in Michigan; Capital City bank in Florida; and ING Direct Bank in the Netherlands.

Law enforcement found computer records, financial documents, credit and debit cards, and other records regarding the fraud at the defendant's residence. Further, the defendant admitted that he had used a particular software tool to create the script and had carried out the scheme.

16